[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT(NO. 150)
This is the second motion filed by the plaintiff seeking summary judgment against the defendants Robert G. Paup, Jr. and Raelyn MacGillivray-Paup. The plaintiff had previously filed a motion for summary judgment against the same named defendants claiming that there is no genuine issue as to any material fact with respect to liability only. The first motion, similar to this one, was heard and denied by the court (Hauser, J.) on June 7, 1994, finding that a material issue of fact remained in the case because the plaintiff's affidavit in support of the summary judgment made no substantial reference to compliance with paragraph 19 of the mortgage deed.
Subsequently, on August 1, 1994, this court heard oral argument on a motion for summary judgment (docket number 150) and received, on August 11, 1994, plaintiff's supplemental memorandum in support of its motion for summary judgment. The court has reviewed the documents submitted, including plaintiff's exhibit A submitted on August 1, 1994 showing that notice of default and acceleration had been issued and forwarded to the defendants, Robert G. Paup, Jr. and Raelyn MacGillivray-Paup. Said notice is dated January 31, 1991 and was sent to 125 Sailors Lane, Bridgeport, Connecticut, certified mail, return receipt.
The defendants have essentially claimed that they did not receive notice of the plaintiff's intent to accelerate the note.
The court finds that the plaintiff has complied with paragraph 19 of the mortgage deed by forwarding a document entitled "Notice of Default and Acceleration" to the defendants at their correct residential address on January 31, 1991. The court further finds that said Notice of Default and Acceleration dated January 31, 1991 satisfies all of the prerequisites to acceleration as set forth in paragraph 19 of the mortgage deed. CT Page 11409
The court further finds that the commencement of this action for foreclosure which was filed in this court on December 16, 1991 constitutes a valid exercise of the mortgagee's acceleration right. The court also makes note of the defendant's appearance which bears the same address as set forth in the Notice of Default and Acceleration. One pro se appearance was filed by the defendant Robert G. Paup, Jr. on August 11, 1993 and a second pro se appearance was filed by the defendant Raelyn MacGillivray-Paup on July 29, 1994.
Accordingly, the court grants the plaintiff's motion for summary judgment as to liability only.
EDDIE RODRIGUEZ, JR., JUDGE